UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | CAUSE NO. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: | |
| 3:06-CV-209 (*Harris* - Arkansas) | |
| 3:05-CV-528 (*Alexander* - California) | |
| 3:08-CV-052 (*Huerta* - California) | |
| 3:06-CV-429 (*Pedrazzi* - California) | |
| 3:05-CV-666 (*Coleman* - Kentucky) | |
| 3:07-CV-120 (*DeCesare* - Nevada) | |
| 3:05-CV-534 (*Gennell* - New Hampshire) | |
| 3:07-CV-328 (*Leighter* - Oregon) | |
| 3:05-CV-596 (*Slayman* - Oregon) | |
| 3:05-CV-664 (*Carlson* - Florida) | |
| 3:07-CV-191 (*Gentle* - Alabama) | |
| 3:06-CV-801 (*Wallace* - Ohio) | |

OPINION and ORDER

FedEx has filed a Rule 54(b) motion for entry of partial judgment in the captioned cases in light of this court's Opinion and Order of December 13, 2010. The plaintiffs oppose the motion. The court denies the motion for the reasons stated below.

I. BACKGROUND

The court already has decided that the plaintiffs in the captioned cases are independent contractors as a matter of the relevant states' common law (the plaintiffs were determined to be employees as a matter of the relevant states' statutory laws in a couple instances). Those decisions rely on the same course of

decisionmaking and underlying facts as decisions in cases in which judgment has been entered, which are now on appeal. But those adverse decisions also rely on application of laws uniquely nuanced in each state and, more importantly for today's ruling, also involve a wide variety of other claims, some of which are similar to those decided in this court and some of which are very different.

FedEx argues that entry of partial judgment on claims decided in this court will make appellate review more efficient by putting similar decisions up for review all at one time. FedEx further argues that this will avoid the potential for inconsistent judgments.

The plaintiffs respond that the decided claims and the remaining claims are not "separate" but rather substantially overlap because they rely on the same complex set of facts about the relationship between themselves and FedEx. The plaintiffs further argue that the judicial efficiency FedEx suggests would be obtained through entry of partial judgment is illusory because multiple courts of appeal would end up reviewing the same cases regardless of their outcomes. Finally, the plaintiffs object to FedEx's motion because their cases have pended for more than five years and requiring immediate appeal of this court's decisions in the captioned cases will further delay final resolution of the outstanding claims.

II. ANALYSIS

Rule 54(b) allows a court to enter partial judgment "only if the court expressly determines that there is no just reason for delay." FED R. CIV. P. 54(b). This is a discretionary decision of the court, bounded by the requirement that partial judgment only be entered on truly "separate" claims. No bright-line rules demark separateness, but a separateness analysis involves inquiry into the law and facts behind the claims. *See* Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 518 F.3d 459, 464 (7th Cir. 2008); *see also* Lottie v. West Am. Ins. Co., 408 F.3d 935, 938 (7th Cir. 2005) ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). FedEx provides little guidance on how this court should undertake what would amount to a rather unwieldy inquiry, but because the court denies the motion, it needn't enter into a sidebar analysis of the similarity or separateness of the dozens of claims filed across the subject cases.

The court agrees with the plaintiffs that the claimed judicial efficiency benefits of entering partial judgment in the captioned cases is illusory. The norm is one appeal per case. United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1218 (7th Cir. 1990). There's no getting around that appellate courts will need to review the complexities of these cases multiple times if the court enters partial judgment. To the extent the court of appeals decides issues currently on appeal that apply across the board, doctrines of claim preclusion will assist courts of appeals in not having to review the same issues again. Because each state's law

3

on the distinction between employee and independent contractor is different, much of the appellate review will be driven by the nuances of the different states' laws, requiring intensive inquiry into each case (and the relevant state's law) on appeal. There isn't one ball of wax to review here: there are dozens of balls of wax.

The possibility of resolution of the captioned cases on remand without requiring appellate review isn't something to be overlooked. Delaying appellate review pending final determination of outstanding claims might eliminate the need for appellate review and will ensure that related claims are reviewed one time only if they still require appellate review down the road. *See* Hill v. Henderson, 195 F.3d 671, 674-675 (7th Cir. 1999).

Finally, the plaintiffs have waited long enough for resolutions to all their claims. Given the considerations already noted, the court can't make an express finding that there's no just reason for delay. Instead, there is just reason for remand and forward progress in these cases.

III. CONCLUSION

For the reasons stated, the court DENIES FedEx's motion for entry of partial judgment [Doc. No. 2370].

SO ORDERED.

ENTERED: February 11, 2011

	/s/ Robert L. Miller, Jr.
Judge
United States District Court